IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *DESSIE MARIA ANDREWS,* § | | |
| Plaintiff, § | | |
| § | | |
| *v.* § | | Civil Action No. A-11-CA-301 |
| § | | |
| *KATHLEEN ANN GITTEL,* § | | |
| Defendant. § | | |

## UNITED STATES' NOTICE OF SUBSTITUTION FOR DEFENDANT GITTEL AND APPLICATION FOR ORDER THEREON

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

NOW COMES the United States of America, by and through the U.S. Attorney for the Western District of Texas, and submits this Notice of Substitution for Defendant Gittel and Application for Order Thereon. In support thereof, the United States respectfully offers the following:

### I. STATEMENT OF THE CASE

On March 10, 2011, Plaintiff Dessie Andrews ("Andrews") initiated suit against Defendant Kathleen Gittel ("Gittel"), asserting several intentional torts. Andrews alleges that Gittel caused damage to her by reporting a shooting incident on May 8, 2010, wherein a third party fired five shots at Gittel who was in the performance of her Census enumerator duties. (Pl.'s Pet. at ¶¶ 5-8).

On April 13, 2011, Gittel removed the case to this Court based on the United States Attorney's certification that she was acting in the course and scope of her federal employment with respect to the allegations made in the Original Verified Petition.[1] As shown below, the United States is now the proper party defendant to be substituted for Gittel.

---

[1] The Certification by John F. Paniszczyn is attached hereto.

## II.  APPLICABLE LAW

The Federal Employees Liability Reform and Tort Compensation Act, codified at 28 U.S.C. § 2679 (also known as the Westfall Act), immunizes United States employees from liability for their negligent or wrongful acts or omissions while acting within the scope of their office or employment. In relevant part, the Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). Federal regulations further provide:

> The United States Attorney for the district where the civil action or proceeding is brought ... is authorized to make the statutory certification that the covered person was acting at the time of the incident out of which the suit arose under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy.

28 C.F.R. § 15.4(b).

Once the certification is made, the Westfall Act requires the substitution of the United States as the defendant, and (if the action was originally filed in state court) the removal of the action to federal court. *Id*. Under the Westfall Act, the substitution of the United States leaves the plaintiff with a single avenue of recovery: the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. See 28 U.S.C. § 2679(d)(4); *Mitchell v. Carlson*, 896 F.2d 128, 130 (5th Cir. 1990) ("Once the case is in federal court, the federal district court is required to substitute the United States as

defendant in place of the federal employee, and the case proceeds 'in the same manner as any action against the United States', i.e. as a claim under the Federal Tort Claims Act.").

### III. SUBSTITUTION OF THE UNITED STATES

Andrews initiated this civil action against Gittel in Texas state court. At the time of the allegations giving rise to the lawsuit, Gittel was acting in the course and scope of her federal employment. Therefore, Andrews' claim against Gittel falls within the Westfall Act.

The United States Attorney for the Western District of Texas is authorized to make the certifications provided for in 28 U.S.C. § 2679(d) with respect to civil actions or proceedings brought against federal employees in the Western District of Texas. 28 C.F.R. § 15.4. The Chief of the Civil Division for the Western District of Texas has certified that at the time of the conduct alleged, Ms. Gittel was acting within the scope of her employment as an enumerator for the 2010 Census. (Paniszczyn Decl.). Because Gittel has been certified as a federal employee with respect to Andrews' allegations, Gittel is immune from suit. 28 U.S.C. § 2679(d)(2). Further, by operation of law, the United States is automatically substituted as the proper party defendant. *Id.*

### IV. CONCLUSION

ACCORDINGLY, the United States respectfully requests that the Court take notice that, by operation of law, the United States of America is substituted as the proper party-defendant in this action, instead of Kathleen Gittel. The United States further requests that the Court enter the attached, proposed Order memorializing the substitution which has occurred.

Respectfully submitted,

JOHN E. MURPHY
UNITED STATES ATTORNEY

By:   /s/ *Daniel M. Castillo*
DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, TX   78701
(512) 916-5858 / 916-5854 (fax)

ATTORNEYS FOR DEFENDANT,
UNITED STATES OF AMERICA


### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing **United States' Notice of Substitution for Defendant Gittel and Application for Order Thereon** has been electronically filed with the Clerk of Court using the CM/ECF system.  I further certify that the following non-CM/ECF participant(s) have been served on this the 14th day of April, 2011, addressed as follows:

| | |
|---|---|
| Dessie M. Andrews, *pro se* | _____ Via Fax |
| 6715 Skynook Drive | _____ Hand Delivery |
| Austin, Texas 78745 | ✔ CM / RRR |
| | _____ First Class U.S. Mail |

   /s/ *Daniel M. Castillo*
DANIEL M. CASTILLO
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *DESSIE MARIA ANDREWS,* | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | Civil Action No. _____ |
| | § | |
| *UNITED STATES OF AMERICA,* | § | |
| **Defendant.** | § | |

# O R D E R

The matter came before the Court on the **United States' Notice of Substitution for Defendant Gittel and Application for Order Thereon**. After reviewing the notice, the pleadings, the submissions of the parties, and the applicable law, the Court is of the opinion that the following order should issue:

It is hereby **ORDERED** that pursuant to the provisions of 28 U.S.C. § 2679, the claims against the individual defendant (*i.e.* Kathleen Ann Gittel) set forth in Plaintiff's Original Verified Petition are dismissed on the grounds that the exclusive remedy for these claims is an action against the United States and because the United States has been substituted as the sole defendant as to those claims.

It is **FURTHER ORDERED** that the individual defendant (*i.e.* Kathleen Gittel) is dismissed from this cause of action by operation of the Westfall Act (28 U.S.C. § 2679(d)).

It is **FURTHER ORDERED** that the style in this cause shall be modified as demonstrated by the style used in this Order. The Clerk and the parties shall use the above-referenced style for all future pleadings in this action.

SIGNED this _____ day of _____, 2011.

_____
**SAM SPARKS**
**UNITED STATES DISTRICT JUDGE**